# CRIMINAL COURT OF BALTIMORE CITY.

Filed September 25, 1903.

## STATE OF MARYLAND
## VS.
## FRANK MANOLEY.

*Edgar A. Poe* and *James R. Brewer, Jr.*, for the State.

*William J. Ogden* and *M. C. Angelmeier* for traverser.

Tried before Judges STOCKBRIDGE and WRIGHT without a jury.

STOCKBRIDGE, J. (Orally)—

"There is in this case no doubt that Mrs. Manoley met her death as the result of pistol shots fired into her head by her husband on the morning of the 9th of July.

The defense is that at the time of the firing the shots, Manoley was in a state of somnolentia, which is defined to be the lapping over a profound sleep

into the domain of apparent wakefulness, and the medical authorities say that it produces a state of involuntary intoxication which for the time destroys moral agency.

With regard to the immediate circumstances which surrounded the killing, the sole evidence is that of the accused, and consists of statements made by him to an official of the Police Department, the physicians who visited him in the jail during his confinement, and his testimony on the stand in the trial of this case.

The discrepancies and contradictions in these several versions of the killing and of matters leading up to or connected with it are striking, and his testimony on the stand admitting the entire falsity of prior statements with regard to the purchase of the pistol are most material as destroying to a large extent the possibility of placing credence in the claimed somnolentia. In this condition and coupled with the remarkable and significant statement made first to the physicians and afterwards repeated on the stand that he was awake and hesitated before the firing of the fatal shots, make it impossible for the Court to find the defense made out.

Upon its face the killing was, therefore, one constituting the crime of murder in the second degree, but rising to a case of murder in the first degree if premeditation be shown by the State. For this reliance is placed upon the fact of the purchase of the pistol with which the act was committed. This purchase took place not less than one week before the fatal night. In that interval the Fourth of July had occurred, and the weapon had been used apparently in a celebration of the day. During all of that intervening period the relations of Manoley and his wife had been entirely pleasant, and at no time does there appear to have been any serious difference between them. No threats, or even complaints, are testified to by a single witness. Even when last seen by any other person about two hours prior to the killing all was harmonious. The mere fact of the purchase of a pistol by a comparatively young man cannot constitute premeditation, such as the law intends." The Court thereupon found Manoley guilty of murder in the second degree. Sentence was suspended upon a motion for a new trial.